# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **RICKY DENTON,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No.:   3:12-cv-08003-IPJ-JEO |
| ) |    3:11-cr-00098-IPJ-JEO |
| **United States of America,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is before the court on Ricky Denton's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1)[1]. In his motion, Denton seeks to challenge his conviction and sentence in criminal case number 3:11-cr-00098-IPJ-JEO. (Doc. 1 at 2). On January 25, 2012, the undersigned entered Judgment in the aforementioned criminal case, sentencing Denton to imprisonment for a term of 70 months. (3:11-cr-00098-IPJ-JEO, Doc. 254). In a notice dated January 25, 2012, Denton notified the court of his appeal of the sentence imposed on that same day and moved to proceed *in forma pauperis* in that appeal. (3:11-cr-00098-IPJ-JEO, Docs. 263, 264). In an Order dated February 2, 2012, the court granted Denton's request to proceed on appeal *in forma pauperis*. (3:11-cr-00098-IPJ-JEO, Doc. 267). In addition to attacking his sentence on direct appeal, Denton also filed, pursuant to 28 U.S.C. § 2255, a Motion to Vacate, Set Aside, or Correct Sentence (dated January 28, 2012). (Doc. 1).

Given the fact that Denton has a direct appeal pending before the Eleventh Circuit, this court lacks jurisdiction to consider Denton's § 2255 motion. *U.S. v. Dunham*, 240 F.3d 1328,

---

[1] Unless otherwise indicated, "Doc. #" refers to the docket entry in the above-styled case.

1329-30 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence."); *U.S. v. Wilson*, 894 F.2d 1245, 1252 (11th Cir. 1990) ("[A] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *U.S. v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending. . . . [Defendant] may pursue his collateral remedies without prejudice when jurisdiction is revested in the district court.").

Accordingly, Denton's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to § 2255 (doc. 1) is due to be denied without prejudice.  A separate order will be entered.

**DONE** this 8th day of February 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE